**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tyrone Hill, <br><br>         Plaintiff, <br>     -v- <br><br> Select Portfolio Servicing, Inc., Washington Mutual Bank FA, WaMu Asset Acceptance Corp., Washington Mutual Mortgage Securities Corp., LaSalle Bank National Association, Christina Bank & Trust Company, John Does #1 through #50, <br><br>         Defendants. | 2:25-cv-5014 (NJC) (AYS) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Tyrone Hill commenced this action, proceeding pro se, on September 8, 2025, and filed an Amended Complaint on October 9, 2025. (Compl., ECF No. 1; Am. Compl., ECF No. 8.) The Amended Complaint brings federal and state law claims stemming from a state foreclosure action concerning a property located at 72 Ridge Drive, Westbury, New York 11590 ("Subject Property") against various banks and loan service providers. (Am. Compl., Section I.) Before me are Defendants' Motions to Dismiss (ECF No. 20, 23), Magistrate Judge Anne Y. Shields' Report and Recommendation ("R&R") regarding those Motions (ECF No. 29), and Hill's Objections to the R&R (ECF No. 35).

**BACKGROUND**

The Amended Complaint brings claims under: (1) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; (2) the New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 et seq.; (3) the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 et seq.; (4) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; (5) the Racketeer Influenced and Corrupt Organizations ("RICO") Act 18 U.S.C. § 1962(c) et seq.; and (6) New York Gen. Bus. Law § 349. He names as Defendants Washington Mutual Bank FA, WaMu Asset Acceptance Corp., Washington Mutual Mortgage Securities Corp. ("WaMu Defendants"), Select Portfolio Servicing, Inc., U.S. Bank National Association, as Successor Trustee to Bank of America, N.A., Successor to LaSalle Bank National Association, and as Trustee for the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-4 ("Trustee Defendants"), Christiana Bank & Trust Company, as Delaware Trustee; and John Does 1–50. (Am. Compl. at 1, 5, 6.) The Complaint seeks the following relief: "(i) preliminary and permanent injunctive relief maintaining the status quo by staying any foreclosure sale, deed delivery/recording, or eviction; (ii) declaratory relief that defendants lack standing to foreclose absent contemporaneous note possession or assignment and strict RPAPL compliance; (iii) an order compelling expedited production of standing and statutory-notice proofs; and (iv) damages and such other relief as the Court deems just and proper." (Am. Compl. at 6.)

The Trustee Defendants moved to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Fed. R. Civ. P.). (Trustee Mot. ECF No. 23.) The WaMu Defendants moved to dismiss pursuant to the aforementioned rules and Rules 9(b), 12(b)(2), and 12(b)(5). (WaMu Mot., ECF No. 20.) On June 4, 2026, Magistrate Judge Anne Y. Shields issued the R&R recommending the dismissal of the Amended Complaint with prejudice on the basis that this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. (R&R at 9–10, ECF No. 29.)

Judge Shields instructed Defendants to serve a copy of the R&R on Hill and to file proof of service on the docket by June 8, 2026. (*Id.* at 11.) The Trustee Defendants filed a certificate of service indicating that they served the R&R on Hill by first class mail on June 5, 2026. (ECF No. 30.) The WaMu Defendants served the R&R on Hill by first class mail on June 8, 2026. (ECF No. 31.) The R&R instructed that any objections to the R&R must be submitted to the Clerk of Court within fourteen (14) days of service. (R&R at 11.) Accordingly, objections to the R&R were due on June 25, 2026.[1]

On July 8, 2026, the Clerk's Office received four submissions from Hill that it filed on the docket. These include:

- a document titled "notice of claim and assignment" (the "Notice filing"), which details that on June 9, 2026, Hill filed an assignment of his property, and the exhibits described below (ECF No. 33);

- a document titled "notice regarding standing;[ ]notice regarding failure to produce proof of claim;[ ]notice and demand for collateral custody records;[ ]notice of disputed authority to enforce note" (the "Standing filing"), which appears to be identical to the document filed on March 18, 2026 at ECF No. 25, and the exhibits described below (ECF No. 34);

- Hill's Objections to the R&R with the exhibits described below (ECF No. 35); and

- an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" ("Emergency Motion"), which appears to be identical to the motion filed on September 8, 2026 at ECF No. 2, with the exhibits described below (ECF No. 36).

All four of Hill's post-R&R filings include an attachment with the following documents that have already been filed in this action: a list of the titles of the exhibits Hill filed in the Complaint

---

[1] Fourteen days after June 8, 2026, was June 22, 2026. However, three additional days are added for service because Defendants served Hill with the R&R by first class mail. *See* Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail); *see also Murphy v. Murphy*, No. 20-cv-02388, 2023 WL 2795977, at *1 (E.D.N.Y. Apr. 5, 2023) (setting out these rules for calculating the deadline to object to an R&R).

and the Amended Complaint; the R&R (ECF No. 29); the Certificate of Service (ECF No. 30); a copy of Trustee Defendants' pre-motion conference letter (ECF No. 11); and a letter from Defendants (ECF No. 28). In addition, the attachment includes what appear to be copies of filings from Hill's state court foreclosure proceedings, mortgage files, and insurance records.

The R&R sets forth the facts and procedural history in detail. (*See* R&R at 2–5.) Having reviewed de novo the motion papers, the applicable law, the R&R, and Hill's untimely Objections to the R&R, for the reasons below, I adopt the R&R in its entirety (ECF No. 29).

Accordingly, Defendants' Motions to Dismiss (ECF Nos. 20, 23) are granted. The Amended Complaint (ECF No. 8) is dismissed with prejudice.

## LEGAL STANDARDS

### I.      Report and Recommendations

#### A.  Objections Process

As explained above, a party is entitled to object no later than fourteen days from the time an R&R has been served upon them, with an additional three days provided for those who are served by mail. Fed. R. Civ. P. 72(b)(2) (permitting objections to a magistrate judge's report and recommendation within 14 days of service); Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail); *see also Murphy*, 2023 WL 2795977, at *1 (setting out these rules for calculating the deadline to object to an R&R).

In reviewing a report and recommendation concerning a motion to dismiss, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and may "accept,

reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Where there are no timely objections to a portion of an R&R, the district court may adopt those portions of the recommended ruling, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also S.J. v. N.Y.C. Dep't of Educ.*, No. 21-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (summary order); *Larocco v. Jackson*, No. 10-cv-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). District courts frequently hold that where an "issue is dispositive, the [c]ourt need not reach . . . other objections to the R&R." *Styleline Studios Int'l Ltd. v. Litvack*, No. 24-cv-1192, 2025 WL 2092288, at *7 (E.D.N.Y. July 25, 2025).[2]

"When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected." *Bristol v. Noeth*, No. 17-cv-4220, 2026 WL 1743337, at *10 (E.D.N.Y. June 17, 2026); *see also* 28 U.S.C. § 636(b)(1)(C). However, "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition" the court may review them for clear error. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025). Where a litigant's objections take "issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." *Id.*

"*Pro se* parties are generally accorded leniency when making objections." *Bristol*, 2026 WL 1743337, at *10; *see also Pinkney v. Progressive Home Health Servs.*, No. 06-cv-5023,

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

5

2008 WL 2811816, at *1 (S.D.N.Y. Jul. 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]eccomendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Bristol*, 2026 WL 1743337, at *10.

## DISCUSSION

### I.    Objections

First, I must consider the timeliness of Hill's Objections. Because the R&R was mailed on June 8, 2026, the deadline to object was June 25, 2026. *See* Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail). Hill's responses were not received by the Clerk's Office until July 8, 2026, which was two weeks after the objection deadline. (ECF Nos. 33, 34, 35, 36.) The Objections are therefore untimely, and I am not required to consider them. Nevertheless, in light of the leniency afforded to pro se parties when making objections, I consider them. *Bristol*, No. 17-CV-4220 at *10; *Holmes v. Miller*, No. 1:22-cv-06388, 2023 WL 8018111, at *2 (S.D.N.Y. Nov. 20, 2023) (stating a court may "extend solicitude to *pro se* litigants").

Here, for the reasons explained below, Hill's untimely Objections and corresponding filings raise substantively the same points as his prior filings. Accordingly, I review for clear error the portions of the R&R to which Hill has untimely objected. *Nambiar*, 158 F.4th at 36 (reviewing for clear error is appropriate "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments"). These filings do not engage with the R&R's explanation that the *Rooker-Feldman* doctrine bars Hill's claims.

6

A.      Hill's Obections to the R&R

Hill's Objections do not identify any error of fact or law in the R&R, but rather rehash arguments that he previously made in opposition to the Motions to Dismiss. (*See* ECF No. 25; Obj. to R&R.) The Objections restate the contentions set forth in the Amended Complaint and in his filing regarding notice (ECF No. 25), specifically, that Defendants failed to provide the required documentation showing their ownership of the Subject Property and to establish standing to pursue the state court foreclosure action against Hill. (Obj. at 1–5, ECF No. 35.) In response to Hill's Notice (ECF No. 25), which made the same arguments as those set forth in his Objections, Judge Shields observed in the R&R that Hill "failed to file any substantive opposition to either motion [to dismiss] . . . Plaintiff's filing does not address the arguments raised in Defendants' motions and instead appears to simply restate the allegations contained in the Amended Complaint." (R&R at 2.) As a result, Judge Shields reasoned that under the *Rooker-Feldman* doctrine, "the Court lacks jurisdiction over the within action," which seeks to review and nullify the Judgment of Foreclosure and Sale in a related state court action, and thus "there is no need to reach the merits of Plaintiff's claims or to consider the other arguments raised by Defendants in support of their motions." (R&R at 10.) She further concluded that all of Hill's claims, including but not limited to claims for violation of the Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act violations, and fraud, are also subject to the *Rooker-Feldman* doctrine because these claims "implicate the propriety of the state judgment of foreclosure . . . ." (R&R at 9.) Likewise, the documents attached to Hill's Objections do not cure these deficiencies. Hill never explains how these documents support his Objections nor how they would remedy the Court's lack of jurisdiction under the *Rooker-Feldman* doctrine.

Reviewing the R&R, I find no clear error in the recommendation to dismiss all claims in this action under the *Rooker-Feldman* doctrine. The doctrine bars federal courts from exercising "jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–284 (2005)). The doctrine is intended to be applied narrowly and "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.

The *Rooker-Feldman* doctrine bars federal courts from reviewing not only claims that were already raised in the state court action but also claims that were not raised but are nonetheless "inextricably intertwined" with the state court judgment. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 86–87 (2d Cir. 2005). The doctrine applies when four requirements are met: (1) the federal-court plaintiff "must have lost in state court"; (2) the plaintiff complains "of injuries caused by a state court judgment"; (3) the plaintiff invites "review and rejection of that judgment"; and (4) the state judgment was "rendered before the district court proceedings commenced." *Id.* at 85. The first and fourth requirements are "procedural," while the second and third requirements are "substantive." *Id.* While all four requirements must be met to preclude jurisdiction, "the second requirement—that the plaintiff complains of an injury *caused* by a state-court judgment—is the core requirement from which the other *Rooker-Feldman* requirements derive." *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018) (emphasis in original). As relevant here, courts in this Circuit "have held consistently that efforts to upset a state court judgment of foreclosure are barred by the *Rooker-*

8

*Feldman* doctrine." *Harper v. Bank of New York*, No. 2:25-cv-1573, 2026 WL 1174506, at *9 (E.D.N.Y. Apr. 30, 2026); *see also* Ceccarelli *v. Morgan Stanley Priv. Bank, N.A.*, No. 25-443-cv, 2025 WL 2992528, at *2 (2d Cir. Oct. 24, 2025) (summary order) (affirming dismissal under *Rooker-Feldman* of claims challenging foreclosure action); *Jeffreys v. Deutsche Bank Tr. Co.*, No. 22-3059, 2024 WL 482776 (2d Cir. Feb. 8, 2024) (summary order) (same); *see also Ozuzu v. Greenpoint Mortg. Funding*, No. 19-cv-3783, 2020 WL 5658776, at *5 (E.D.N.Y. Sept. 23, 2020).

A judgment was entered in state court in 2019. The Complaint in this action brings claims that seek review and rejection of that final judgment or are otherwise inextricably intertwined with it. Because federal courts are barred from reviewing such claims under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction over Hill's claims. R&R at 3; *see also Hoblock* 422 F.3d at 84.

B.    Other Filings by Hill Following the R&R

Hill's Notice filing does not address Judge Shields' findings in the R&R. Rather, in this filing, Hill asserts that "on June 9, 2026; an assignment was filed and recorded whereby all right; title; and interest of i; acting as secured party; were assigned and conveyed to; United States Department Of The Treasury 1500 Pennsylvania Avenue NW Washington De 20220." (Not. Of claim and assignment, ECF No. 33 at 2.) Hill attaches to that document copies of filings with the Iowa Secretary of State, which concern File Number E26029104-1 and a financing statement relating to File Number E26029037-0, among other exhibits. None of the documents in the filing bear on the instant action, which is barred by the *Rooker-Feldman* doctrine.

Hill's Standing filing appears to be the same one that Hill filed on March 18, 2026, with certain additional exhibits. (*Compare* ECF No. 34 with ECF No. 25.) In the R&R, Judge Shields

9

explained that at the time Hill filed ECF No. 25, Hill had "failed to file any substantive opposition to either motion [to dismiss]." (R& R at 2.) He instead filed what he framed as a "Notice," but Hill's "filing does not address the arguments raised in Defendants' motions and instead appears to simply restate the allegations contained in the Amended Complaint." (R&R at 2.) For the same reason, this filing insufficiently contests the R&R.

Hill's Emergency Order appears to be the same one that Hill filed on September 9, 2025, with additional exhibits identified above. (*Compare* ECF No. 36 with ECF No. 2.) When Hill filed the September 9, 2025 Emergency Order, the Court held a hearing with the parties, declined to issue a temporary restraining order or preliminary injunction, permitted Hill to file an amended complaint, and permitted Defendants to file motions to dismiss any amended complaint. (ECF No. 7.) The Court explained that "although Mr. Hill has shown irreparable harm . . . he ha[s] not demonstrated a serious question on the merits of his claims. The Court likely lacks subject matter jurisdiction over this action under the Rooker-Feldman doctrine." (*Id.*) Now that this Court has ruled that the *Rooker-Feldman* doctrine applies, this request for an Emergency Order is dismissed as moot.

* * *

For all of these reasons, even after affording Hill leniency as a pro se litigant and considering his various filings as untimely Objections to the R&R, the Objections rehash arguments and contentions previously made by Hill and do not demonstrate any clear error in any finding or conclusion reached by the R&R. Even a de novo review of the Complaint and the parties' submissions, including Hill's untimely Objections, show that the *Rooker-Feldman* doctrine squarely bars Hill's claims. Therefore, the Court is without jurisdiction to consider any of Hill's arguments relating to the merits of his claims.

10

## II.    Leave to Amend

Although Hill did not request leave to amend, the Court may grant such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has held that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *see also* Fed. R. Civ. P. 15(a)(2) ("[t]he court should freely give leave [to amend] when justice so requires."). However, a district court may deny leave to amend when an "amendment would be futile because the problem with the claim 'is substantive . . . [and] better pleading will not cure it.'" *Reynolds v. City of Mount Vernon*, 14-cv-1481, 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (alteration in original)).

Applying these standards, any amendment of the Amended Complaint would be futile. There are no additional factual allegations that Hill could offer that would cure the substantive defects in his claims. Accordingly, Hill is denied leave to file a second amended complaint.

### CONCLUSION

For the reasons explained above, I adopt the R&R in its entirety (ECF No. 29) and grant Defendants' Motions to Dismiss (ECF Nos. 20, 23). The Amended Complaint is dismissed with prejudice and leave to amend is denied as futile. Hill's Emergency Motion (ECF No. 36) is dismissed as moot.

Dated:  Central Islip, New York
       July 17, 2026

                                     */s/ Nusrat J. Choudhury*
                                     NUSRAT J. CHOUDHURY
                                     United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TYRONE HILL,

                       Plaintiff,

        -against-

SELECT PORTFOLIO SERVICING, INC.;
WASHINGTON MUTUAL BANK, FA; WAMU
ASSET ACCEPTANCE CORP; WASHINGTON
MUTUAL MORTGAGE SECURITIES CORP; U.S.
BANK NATIONAL ASSOCIATION, AS SUCCESSOR
TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR
TO LASALLE BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR WASHINGTON MUTUAL
MORTGAGE PASS-THROUGH CERTIFICATES,
WMALT SERIES 2007-4; CHRISTIANA BANK &
TRUST COMPANY, AS DELAWARE TRUSTEE; AND
JOHN DOES 1-50 (UNKOWN PARTIES CLAIMING
ANY INTEREST IN THE PROPERTY),

                      Defendants.
------------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
CV 25-5014 (NJC) (AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Before the Court, on referral from the Honorable Nusrat J. Choudhury, are the following:

(1) a motion to dismiss by Defendants Washington Mutual Bank, FA, WaMu Asset Acceptance

Corp., and Washington Mutual Mortgage Securities Corp (collectively, the "WaMu

Defendants") and, (2) a motion to dismiss by Defendants Select Portfolio Servicing, Inc. and

U.S. Bank National Association, as Successor Trustee to Bank of America, N.A., as Trustee for

the Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-4 Trust

(collectively, the "Trustee Defendants"). The WaMu Defendants bring their motion pursuant to

Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6). The Trustee

Defendants bring their motion pursuant to Rules 12(b)(1) and 12(b)(6).

1

The pro se Plaintiff, Tyrone Hill ("Plaintiff" or "Hill") has failed to file any substantive opposition to either motion. Rather, in response to both motions, Plaintiff filed a document entitled "[N]otice regarding standing; notice regarding failure to produce proof of claim; notice and demand for collateral custody records; notice of disputed authority to enforce note." (Docket Entry ("DE") [25].) It is unclear whether this filing is intended to be Plaintiff's opposition to the within motions; it is simply the only document filed by Plaintiff following the filing of Defendants' motions. Plaintiff's filing does not address the arguments raised in Defendants' motions and instead appears to simply restate the allegations contained in the Amended Complaint. For the following reasons, this Court respectfully recommends that both motions be granted and that Plaintiff's Amended Complaint be dismissed in its entirety.

BACKGROUND

Plaintiff commenced this action, pro se, via a Complaint filed on September 8, 2025, alleging "fraud and denial of due process through an unlawful foreclosure" of the property located at 72 Ridge Drive in Westbury, New York. (See generally Compl., Docket Entry ("DE"), [1].) Plaintiff amended his Complaint as of right on October 9, 2026, again alleging a "wrongful foreclosure." (See generally Am. Compl., DE [8].)

Plaintiff was the owner and resident of the property located at 72 Ridge Drive in Westbury, New York (the "Property"). (Am. Compl. ¶ 13.) On or about March 20, 2007, Plaintiff executed a promissory note (the "Note") and mortgage (the "Mortgage") (together, with the Note, the "Loan") encumbering the Property in the amount of $402,400.00, plus interest. (Id. ¶ 14; Decl. of Bruce Handler, dated Nov. 10, 2025 ("Handler Decl."), (DE [21]), Ex. A ¶¶ 3-4; Decl. of Ronald H. Park, dated Nov. 11, 2025 ("Park Decl."), (DE [23-3]), Ex. 1.) The mortgage was recorded on or about March 28, 2007. (Am. Compl. ¶ 14; Park Decl., Ex. 2.) Washington

2

Mutual Bank, FA ("WaMu") was the originating lender on Plaintiff's mortgage loan. (Am. Compl. ¶ 15.) WaMu and affiliated entities subsequently securitized pools of mortgage loans, including the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-4 (the "Trust"). (Id.) On August 29, 2013, the Mortgage was assigned to the Trust and an Assignment of Mortgage was recorded in the Nassau County Clerk's Office. (Park Decl., Ex. 3.) LaSalle Bank National Association ("LaSalle") was the original trustee for the Trust. (Am. Compl. ¶ 16.) Bank of America, N.A. succeeded LaSalle and then U.S. Bank National Association ("US Bank") became the subsequent successor trustee. (Id.) Select Portfolio Servicing, Inc. ("SPS") serviced Plaintiff's mortgage loan. (Id. ¶ 17.)

On February 1, 2013, Plaintiff and SPS entered into a loan modification reflecting a new principal balance of $521,375.82. (Id. ¶ 18; Park Decl., Ex. 4.) The Loan was modified a second time on December 1, 2015. (Park Decl., Ex. 4.) The Plaintiff defaulted on the Loan as of May 1, 2016, with an outstanding balance in excess of $570,000. (Id. ¶ 19; Handler Decl., Ex. A ¶ 7.)

The Trust, as owner and holder of the Note, commenced foreclosure proceedings against Plaintiff in New York Supreme Court, Nassau County (the "State Court"), on December 13, 2016. (Am. Compl. ¶ 20; Handler Decl., Ex. A; Park Decl., Ex. 5.) The Trust moved for default judgment and an order of reference on February 9, 2018. (Park Decl., Ex. 6.) On May 9, 2018, the State Court entered an Order of Reference and Default Judgment against all party-defendants, including Plaintiff. (Park Decl., Ex. 6.) On March 25, 2019, upon a motion made by the Trust, the State Court entered an Order Confirming Referee Report and Judgment of Foreclosure and Sale (the "Judgment of Foreclosure and Sale"). (Handler Decl., Ex. B.)

Notice of entry of the Judgment of Foreclosure and Sale was entered on May 7, 2019. (Park Decl., Ex. 7.) On June 7, 2019, the Trust filed a notice of sale of the subject Property. (Park

3

Decl., Ex. 6.) Plaintiff filed an Order to Show Cause on July 8, 2019 seeking to stay the foreclosure sale and to vacate the Final Judgment. (Park Decl., Exs. 6, 8.)

The State Court issued an order on September 30, 2019, denying Plaintiff's Order to Show Cause. (Park Decl., Ex. 8.) On July 18, 2022, the Trust again filed a notice of sale of the subject Property. (Park Decl., Ex. 9.) Thereafter, Plaintiff filed for bankruptcy pursuant to Chapter 11 of the U.S. Bankruptcy Code, thereby staying the foreclosure action. (Id.) Plaintiff's bankruptcy case was dismissed on May 10, 2023. (Id.)

The Trust filed notices of sale of the subject Property on July 14, 2023 and October 10, 2023. (Id.) Again, Plaintiff filed for bankruptcy, this time pursuant to Chapter 13 of the U.S. Bankruptcy Code. (Id.) Plaintiff's second bankruptcy case was dismissed on December 20, 2023. (Id.)

On January 19, 2024, the Trust filed another notice of sale of the subject Property. (Id.) On March 6, 2024, Plaintiff filed a third bankruptcy petition, this time pursuant to Chapter 7 of the U.S. Bankruptcy Code. (Id.) On December 10, 2024, the Bankruptcy Court for the Eastern District of New York vacated the automatic bankruptcy stay with respect to the Property. (Id.)

In light of the vacatur of the automatic stay, the Trust filed another notice of sale of the subject Property on December 17, 2024. (Id.) On January 22, 2025, Plaintiff filed a fourth bankruptcy petition, again under Chapter 13 of the U.S. Bankruptcy Code. (Id.) That bankruptcy case was dismissed on February 28, 2025. (Id.)

On July 18, 2025 and October 2, 2025, the Trust filed notices of sale of the subject Property. (Id.) A public auction for the Property was scheduled to take place on November 19, 2025. (Park Decl., Ex. 10.) It is unclear to the Court whether that auction took place or if the Property was sold.

The WaMu Defendants filed their motion to dismiss on December 9, 2025. (DE [19].) They filed an amended motion that same day. (DE [20].) The Trustee Defendants also filed their motion to dismiss on December 9, 2025. (DE [23].) By Order dated March 7, 2026, Judge Choudhury referred the motions to dismiss to the undersigned for Report and Recommendation.[1]

DISCUSSION

I.      Legal Standards

A district court should dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) where the court "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When reviewing a motion to dismiss for lack of jurisdiction, "the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences in the complaint favorable to plaintiff[].'" Tiraco v. N.Y. State Bd. of Elections, 963 F. Supp. 2d 184, 191 (S.D.N.Y. 2013) (quoting J.S. ex rel N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004)) (alteration in original). The Court may also "consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question." Ighile v. Kingsboro ATC, No. 16-cv-4294, 2018 WL 1970737, at *2 (E.D.N.Y. Apr. 25, 2018) (citing cases).

Conversely, when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court is required to accept all factual allegations in the Complaint as true and to draw all reasonable inferences in the plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678

---

[1] In what appears to be a clerical error, the District Court also referred Docket Entries [15] and [19] to the undersigned for report and recommendation. Docket Entry [15] is a letter from counsel for the WaMu Defendants confirming service of the within motion and should not have been filed as a motion. Docket Entry [19] is the Trustee Defendants' original motion to dismiss that was amended the same day it was filed by Docket Entry [20]. The motions appearing at Docket Entries [15] and [19] should be terminated by the District Court in conjunction with any ruling with respect to the within Report and Recommendation.

5

(2009); Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012). "To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

While the facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Applying these

6

standards here, the Court has considered the documents submitted by Defendants relating to the State Court foreclosure action in rendering this Report and Recommendation.

## II.      Construction of a Pro Se Complaint

In light of the fact that Plaintiff is proceeding pro se, his submissions are held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted). Thus, his Complaint is to be liberally construed, see Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted to "raise the strongest arguments that [it] suggest[s]." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citation and quotation marks omitted). As noted by the Second Circuit, "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)) (alteration in original).

Despite the liberal construction rules applicable to Plaintiff's papers, his pro se status "does not exempt him from compliance with relevant rules of procedural and substantive law." Boddie v. New York State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth, 710 F.2d at 95). Indeed, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it." Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and citations omitted) (alteration in original).

With these principles in mind, the Court turns to the merits of the motions.

## III.     The Motions to Dismiss

Defendants move to dismiss Plaintiff's Complaint in its entirety. Both sets of Defendants argue that pursuant to the Rooker-Feldman doctrine, the Court lacks jurisdiction over the action.

The Trustee Defendants also argue that the Court should abstain from exercising jurisdiction here pursuant to the Colorado River doctrine. All Defendants further argue that the within action is barred by the doctrines of res judicata and collateral estoppel and that Plaintiff failed to properly effect service of the Amended Complaint upon Defendants. Finally, the WaMu Defendants assert that Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) and is not pleaded with specificity as required by Rule 9(b).

IV.     Rooker-Feldman Doctrine

The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Second Circuit has articulated four requirements that must be met before a federal court may dismiss an action under Rooker-Feldman:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment[]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced" – i.e., Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting Exxon Mobil, 544 U.S. at 284) (alterations in original). Hoblock describes the first and fourth requirements as "procedural" and the second and third as "substantive." Hoblock, 422 F.3d at 85. Here, the procedural elements of the Rooker-Feldman doctrine have been met. Plaintiff lost in the underlying foreclosure action in State Court and the Judgment of Foreclosure and Sale was issued before Plaintiff commenced the within action.

To satisfy the substantive elements, the federal action must "complain[] of injury from a

8

state-court judgment and seek[] to have that state-court judgment reversed." Id. at 86. If the federal plaintiff "present[s] some independent claim," even if that claim has been decided adversely to him in state court, "then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon Mobil, 544 U.S. at 293 (citation omitted). As the Second Circuit has explained, "federal plaintiffs are not subject to the Rooker-Feldman bar unless they complain of an injury caused by a state judgment. Hoblock, 422 .3d at 87 (emphasis in original).

It is well-settled that "an action seeking a declaration of property ownership after loss of title pursuant to a state-court foreclosure judgment [is] barred by Rooker-Feldman." Riley v. Comm'r of Fin., 618 F. App'x 16, 17 (2d Cir. 2015); see also Feinstein v. The Chase Manhattan Bank, No. 06 Civ. 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 4, 2006) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine."). Accordingly, this Court lacks jurisdiction to review or nullify the Judgment of Foreclosure and Sale, which it would have to do in order to provide Plaintiff the relief he seeks against Defendants.

Plaintiff's inclusion in the Amended Complaint of various other claims, such as civil RICO, FDCPA violations, and fraud, do not insulate his action from dismissal under Rooker-Feldman. Where "[t]he claims raised . . . implicate the propriety of the state judgment of foreclosure," the Court still lacks jurisdiction under Rooker-Feldman. Id. (collecting cases). All of the claims alleged in Plaintiff's Amended Complaint challenge the validity of the State Court action and the Judgment of Foreclosure and Sale rendered therein. "[F]or Plaintiff to be vindicated on these claims, this Court would need to review the state court's determinations and ultimately decide that they were wrong; something Rooker-Feldman explicitly prohibits." Burton

9

v. Wells Fargo Bank, N.A., 738 F. Supp. 3d 272, 289 (E.D.N.Y. 2024) (citing Vossbrink v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014)).

Moreover, it is well-settled, that "a federal plaintiff cannot escape the Rooker-Feldman bar simply by relying on a legal theory not raised in state court." Andrews v. CitiMortgage, Inc., No. 14-CV-1534, 2015 WL 1509511, at *5 (E.D.N.Y. Mar. 31, 2015) (citation omitted). "For this reason, '[d]istrict courts in this circuit routinely cite Rooker-Feldman in dismissing RICO [and FDCPA] claims that attempt to raise alternative challenges to actions already rejected by the state courts.'" Winters v. State, No. 24-cv-7420, 2026 WL 710123, at *11 (quoting Pharr v. Evergreen Garden, Inc., 123 F. App'x 420, 423 n.2 (2d Cir. 2005)) (additional citation omitted); see also Murphy v. GE Capital Asset Corp., 38 F. App'x 86, 86-87 (2d Cir. 2002) (affirming district court's ruling that plaintiff's RICO suit challenging foreclosure was bared by Rooker-Feldman); Quiroz v. U.S. Bank Nat'l Ass'n, No. 10-cv-2485, 2011 WL 2471733, at *6 (E.D.N.Y. May 16, 2011) (barring FDCPA claim based on falsity of debt in underlying foreclosure action under Rooker-Feldman).

Having found that the Court lacks jurisdiction over the within action, there is no need to reach the merits of Plaintiff's claims or to consider the other arguments raised by Defendants in support of their motions. This Court respectfully recommends that Defendants' motions to dismiss be granted and that Plaintiff's Amended Complaint be dismissed in its entirety.

RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendants' motions to dismiss be granted and that Plaintiff's Amended Complaint be dismissed in its entirety.

10

<u>OBJECTIONS</u>

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs Defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es), and to file proof of service on ECF by June 8, 2026. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. <u>Thomas v. Arn</u>, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); <u>Caidor v. Onondaga Cnty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated:  Central Islip, New York
June 4, 2026

/s/        Anne. Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge

11